**UNITED STATES of America,**
**Appellee,**

v.

**Mariame CAMARA, also known as Keita Penda, also known as Keita Maoulen, Defendant–Appellant.**

No. 05–5530–cr.

United States Court of Appeals, Second Circuit.

Sept. 19, 2006.

Georgia J. Hinde, New York, NY, for Defendant–Appellant.

Jaikumar Ramaswamy, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Michael Levy, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: CHESTER J. STRAUB, SONIA SOTOMAYOR, ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Mariame Camara appeals from an October 14, 2005 judgment of the District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge)* sentencing her to the statutory mandatory minimum term of 120 months' imprisonment upon a jury verdict finding her guilty of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(A), 846. We assume the parties' familiarity with the facts, procedural posture, and specification of issues on appeal.

Camara maintains that the District Court should have sentenced her only on the basis of the 400 grams of heroin seized at the time of her arrest, which would have rendered the 120–month statutory minimum inapplicable and instead exposed her to a 60–month mandatory minimum. *Compare* 21 U.S.C. § 841(b)(1)(A)(i) *with* 21 U.S.C. § 841(b)(1)(B)(i). In support of that claim, she argues that (1) the District Court was not bound by the jury's quantity finding and (2) the evidence adduced at trial showed that she agreed to possess with intent to distribute only the 400 grams actually recovered, and thus was

insufficient to support the jury's finding of one or more kilograms of heroin.[1]

■ For two reasons, we disagree. First, in *United States v. Gonzalez*, 420 F.3d 111, 124–25 (2d Cir.2005), we held that quantity is an element of a section 846 narcotics offense and therefore is committed to the jury in the first instance. Pursuant to *Gonzalez*, district courts are bound by the statutory minima and maxima that attach to a jury's quantity finding, so long as the finding is supported by sufficient evidence. *See United States v. Vaughn*, 430 F.3d 518, 526–27 (2d Cir. 2005) (holding that although district court may sentence on the basis of acquitted conduct it has found by a preponderance, it must adhere to the statutory minima and maxima authorized by the jury's quantity finding). The cases to which Camara cites for the proposition that district courts may entirely disregard a jury's finding—and the resulting statutory minimum sentence—are inapposite because they were decided prior to *Gonzalez*, when quantity was treated only as a "sentencing factor" outside the jury's prerogative. *See United States v. Jacobo*, 934 F.2d 411, 415 (2d Cir.1991); *see also United States v. Hendrickson*, 26 F.3d 321 (2d Cir.1994) (construing former Sentencing Guideline § 2D1.4).

■ Second, sufficient evidence supports the jury's finding that Camara agreed to possess with intent to distribute one kilogram or more of heroin, such that the District Court was bound to impose the statutory minimum sentence. In challenging the sufficiency of the evidence, Camara bears a "heavy burden" because she "must prove that, viewing all of the evidence in the light most favorable to the government, no rational trier of fact could

have found" that she agreed to possess with intent to distribute one kilogram or more of heroin. *United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir.2002) (internal quotation marks omitted). In assessing her claim, we "defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Velasquez*, 271 F.3d 364, 370 (2d Cir.2001) (internal quotation marks omitted). Finally, "[t]he traditional deference accorded to a jury's verdict is especially important when reviewing a conviction for conspiracy because a conspiracy by its very nature is a secretive operation." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir.2003) (internal quotation marks omitted and alterations incorporated).

The government introduced recordings of Camara's conversations with the government's confidential source, during which Camara referred to various potential narcotics transactions. In the first such conversation, Camara identified "merchandise" that was stolen from her and her "boss," specifically "three market" worth $24,000. The government introduced expert testimony that drug dealers often converse in code, and that during the relevant time period, the street price of 100 grams of heroin was roughly $8,000.

In another recorded conversation, Camara referred to a shipment of "two big" that she and her "boss" had acquired. Of that "two big," Camara explained, "one big" was going to be provided to a "Jamaican." Regarding "the other one," six would be provided to someone in Philadelphia and the remainder would be available

---

1. The government contends that because Camara did not object below to the jury's finding, we must review her claim for plain error.

Camara maintains that she did object below. We do not address this issue because we find no error in the first instance.

to the confidential source if he traveled to New York soon. If he delayed, Camara warned, "[t]he problem is bag gonna finish." In a conversation that occurred five days later, Camara told the confidential source that "the only things that are left out there" consisted of "[s]mall six."

In a subsequent conversation Camara agreed to meet the confidential source in New York to execute a transaction. Camara explained that "the lady just got here today," potentially indicating that a new shipment had arrived. A few hours later, the confidential source requested "five market." At the subsequent meeting, Camara said she would give the confidential source "one" immediately and "four" if he approved of the first "one." He insisted on conducting the entire transaction at once. A black male, whom the confidential source believed possessed the heroin, then entered the car in which Camara and the confidential source were sitting. After receiving the confidential source's prearranged signal, the police arrested the group and discovered a bag containing 400 grams of heroin on the floor of the car.

From the evidence set forth above, a rational juror could infer that Camara had agreed to possess with intent to distribute a total of 2.8 kilograms of heroin, as follows: 300 grams that were stolen from her and her "boss"; 2 kilograms, *i.e.*, "two big," that she sold in lots to the "Jamaican," the person from Philadelphia, and perhaps others; and 500 grams that she and the unidentified black male agreed to sell to the confidential source.

■ Camara also argues that the evidence was insufficient to support the jury's conclusion that the recordings were of her. However, based upon the testimony of the arresting officer—who spoke with Camara at the scene and identified her voice on the tapes—the jury was entitled to conclude that Camara was speaking on the recordings.

Given the sufficiency of the evidence described above, the District Court was not free to set aside the jury's quantity finding for the purpose of imposing a mandatory minimum sentence. *See Jackson*, 335 F.3d at 179–83 (reversing district court's grant of Rule 29 motion because sufficient evidence supported jury's quantity finding). Accordingly, it properly sentenced Camara to the 120–month term of imprisonment applicable to section 846 offenses involving one kilogram or more of heroin. The judgment of the District Court is AFFIRMED.